IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY GEORGE ALLEN,           )
                                )
             Plaintiff,         )
                                )   Civil Action No. 05-31E
     vs.                        )   Hon. Sean J. McLaughlin
                                )   United States District Judge
UNITED STATES OF AMERICA,       )   Magistrate Judge Susan Baxter
                                )
             Defendant.         )
                                )

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT**

   Plaintiff Anthony Allen, proceeding pro se, respectfully urge this court to reject the government's invitation to dismiss plaintiff's suit against the United States pursuant to Fed.R.Civ.P. 12(b)(1), (6) and 56(c).

I. **Introduction**

   Plaintiff brought this suit against the United States under the Federal Tort Claim Act, 28 U.S.C. § 2671 et.seq. ("FTCA"), in which he claimed that during January of 1995 through January of 2005 while confined at the Federal Correctional Institution McKean ("FCI McKean"), he has been forced to breath environmental tobacco smoke (ETS) to his detriment in violation of the Bureau of Prisons ("BOP") and FCI McKean's regulations and policies.

   In its motion to dismiss, the government avers that this "court does not have subject matter jurisdiction over [plaintiff's] lawsuit, as the claimed actions fall within the discretionary function exception to the Federal Tort Claims Act" (Gov.Mem. pg.1); "[p]laintiff [has] not state[d] a valid claim under the FTCA,"

1

(Gov.Mem. pg.2); and that "the court must grant summary judgment in defendant's favor." (Gov.Mem. pg.2).

## II. Legal Standard

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standard than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 520-21 (1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read the pleading to state a valid claim on which the plaintiff could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or plaintiff's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F2d 552, 555 (3rd Cir. 1969).  Under the liberal pleadings rules, during the initial stages of litigation a district court should construe all allegations in a complaint in favor of the complaint. Gibbs v. Roman, 116 F3d 83 (3rd Cir. 1997); see also Nami v. Fauver, 82 F3d 63, 65 (3rd Cir. 1996) (discussing Fed.R.Civ. P. 12(b)(6) standard).

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Id.  A district court may grant summary judgment

2

for the defendant when the plaintiff has failed to present any genuine issues of material fact. Krouse v. American Sterilizer Co., 126 F3d 494, 500 n.2 (3rd Cir. 1997). Also, in the summary judgment context, "inferences to be drawn from the underlying facts must be viewed in the light most favorable to the opposing party. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Furthermore, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues'." Schoch v. First Fidelity Bancorporation, 912 F2d 654, 657 (3rd Cir. 1990), quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Although the court must resolve any doubt as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspecions." Fireman's Ins. Co. of Newark, NJ v. Dufrense, 676 F2d 965, 969 (3rd Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-49.

III. **Argument**

In its brief in opposition, the government argues that plaintiff's

3

allegation regarding his exposure to secondhand tobacco smoke at FCI McKean falls within the discretionary function exception to the Federal Tort Claims Act and because of that, this court does not have subject matter jurisdiction over plaintiff's claims. As a result, the government contends that plaintiff's suit should be dismissed with prejudice. The government's characterization of plaintiff's claim is inconsistent with the factual context outlined in plaintiff's allegation. As the government rightfully noted, secondhand tobacco smoke poses serious health concerns towards those who are non-smokers. In fact, extensive research and studies conducted by various health organizations regarding the effects of environmental tobacco smoke have shown that human exposure to ETS is far more lethal than the actual direct ingestion of tobacco product. As a result of this finding, serious societal issues concerning nicotine addiction and the pervasiveness underlying social exposure to carcenogenic agents spawned by tobacco smoke compelled the federal government to issue a ban on smoking in all federal buildings.

Also heeding the effects of ETS, the BOP issued its own restriction on smoking within its institutions and offices in an effort to create a somke-free environment. see, 28 CFR § 551.160. This restriction was imposed to protect the health and safety of staff and inmates who work and live at the institutions. Consistent with this goal espoused by the BOP, and contrary to the government's assertion that "the Institution Supplement does not create a duty on the part of prison staff to prohibit the sale of tobacco products in the institution commissary ... [and] ... from assigning a

non-smoking inmate to the same room as a smoking inmate," (see, Gov.Mem. pg.14), a specific and clearly defined duty has been placed on the Warden to ensure that non-smoking inmates are not exposed to the hazards of secondhand tobacco smoke. Indeed, the language in 28 CFR § 551.163(b), which governs the Warden's conduct as it relates to smoking tobacco within the institution, in inextricably tied to the purpose and scope outlined in § 551.160. Section 551.163(b) would be meaningless and ambiguous without referencing the goal set forth in § 551.160. Section 551.163 states:

> At all low, medium, high, and administrative institutions other than medical referral centers, the warden **shall** identify outdoor smoking areas and may, but is not required to, designate a limited number of indoor smoking areas where the needs of effective operations so require, especially for those who may be employed in, or restricted to, a nonsmoking area for an extended period of time.
> 28 CFR § 551.163(b) (emphasis added).

This directive essentially prescribes a course of action for the Warden to follow.

While keeping the objective outlined in § 551.160 in sight, if the Warden decides to allow smoking in any indoor area of the institution along with the identified outdoor smoking areas as mandated by § 551.163(b), then he is bound to do so in a manner that ensure the health and safety of non-smoking inmates. There is nothing discretionary about this directive. (see also, Institution Supplement No. MCK. 1640.3)

The discretionary function exception to the FTCA, which has been clarified by the Supreme Court in <u>Berkovitz v. United States</u>, 486 U.S. 531 (1988), is a product of Congress' recognition that "the imposition of liability for damages occasioned by governmental

policymaking would necessarily involve a very substantial, if not prohibitive, social cost not only in terms of the imposed liability itself, but also in terms of the constraining effect of that liability on the decisions of governmental policymakers." Sea-Land Services, In. vs United States, 919 F2d 888, 890 (3rd Cir. 1990). Whether the discretionary function exception applies here involves a two-pronged inquiry. "[A] court must first consider whether the action is a matter of choice for the acting employee." Berkovitz, 486 U.S. at 536.  Second, the court must determine whether the element of judgment involved "is of the kind that the discretionary function exception was designed to shield." Id.  Under this second prong, the court must determine whether the challenged discretionary actions or decisions were "based on considerations of public policy." Id., at 537.  "The focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis." United States v. Gaubert, 499 U.S. 315, 325 (1991).

In the case at bar, the choice given to the Warden under 28 CFR § 551.163(b) is whether to "designate a limited number of smoking areas" so that "those who may be employed in, or restricted to, a nonsmoking area for an extended period of time" may have the opportunity to smoke without subjecting nonsmokers to the hazardous effects of ETS.  If the Warden chooses to make this choice, he is then bound by the purpose and scope of 28 CFR § 551.160 and the level of care outlined in 18 U.S.C. § 4042.  Again, it is not within the discretion of the Warden to institute regulations that causes

nonsmoking inmates such as plaintiff to be forced to tolerate the harmful effects of secondhand tobacco smoke at the sheer satisfaction of smokers here at the institution and their unfettered access to, and consumption of, tobacco products that were sold in the prison commissary.

That plaintiff has been forced to constantly breath secondhand tobacco smoke over an extended period of time is not only constitute negligence on the part of the officials, but is also a breach of the duty of care owed to plaintiff by the United States. see, 18 U.S.C. § 4042. Moreover, plaintiff's injury inheres in his prolonged exposure to ETS and the fact that the series of ailments listed in plaintiff's allegation generally requires an extensive amount of time to fully mutate into a malignant form. Specifically, plaintiff has been experiencing problems with breathing, which the institution's hospital is either unable or unwilling to accurately diagnose. That plaintiff should wait until he fully develops some form of cancer, pulmonary disease, or emphysema defeats the intent set forth in 28 CFR § 551.160 and 18 U.S.C. § 4042, along with the moral authority that inspired the purpose of these policies and statutes.

The allegations made by plaintiff meets the four elements to establish a cause of action for negligence under Pennsylvania law. In light of the foregoing argument, there is no denying this contention. Equally as important, plaintiff's claim does not fall within the discretionary function exception to the FTCA as the government avers.

IV. **Conclusion**

Based on the foregoing, plaintiff respectfully urge this Honorable court to reject the government's request to dismiss this action and order that plaintiff's claims proceed forward.

Dated: August 18, 2005

Respectfully submitted,

*Anthony Allen*

Anthony Allen (Pro Se)
Federal Reg.# 40428-053
FCI - McKean
P.O. Box 8000
Bradford, PA 16701

## CERTIFICATE OF SERVICE

I, Anthony George Allen, hereby certify that a true and correct copy of PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT has been mailed to Ms. Jessica Lieber Smolar, Assistant U.S. Attorney, at 700 Grant Street, Suite 400; Pittsburgh, Pennsylvania 15219, on this 18 day of August, 2005.

_____
Anthony George Allen (Pro Se)
Federal Reg.# 40428-053