IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RECEIVED
AUG 22 2005
CLERK, U.S. DISTRICT COURT
WEST DIST. OF PENNSYLVANIA

ANTHONY GEORGE ALLEN, )
 )
            Plaintiff, )
 )
     vs. )
 )   Civil Action No. 05-31E
 )   Hon. Sean J. McLaughlin
 )   Magistrate Susan Baxter
UNITED STATES OF AMERICA, )
 )
            Defendant. )
 )

**FEDERAL TORT CLAIMS ACTION**
**AMENDED COMPLAINT**

I

**INTRODUCTION**

(1) This Federal Tort Claims arises out of Bureau of Prisons staff's intentional negligence and wronful conduct which has caused and will continue to cause Plaintiff future permanent injuries and a range of health problems.

II

**JURISDICTION & VENUE**

(2) Plaintiff, proceeding pro se, asserts that this Honorable court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 2671.

(3) Plaintiff further asserts that venue is proper in this court pursuant to 28 U.S.C. § 1391.

III

**THE PLAINTIFF**

(4) At all times relevant to this action, the Plaintiff is incarcerated at the Federal Correctional Institution in McKean,

Pennsylvania.

## IV

## THE DEFENDANT

(5) The Defendant is the United States of America.

## V

## ALLEGATIONS

(6) Around August of 1994, Plaintiff was designated to FCI McKean to serve out the term of his federal prison sentence. From the time Plaintiff arrived at FCI McKean until around January of 2005, tobacco smoking was a pervasive occurrence within the institution. Tobacco products were in abundance at the institution primarily because they were made accessible to inmates through the prison commissary at a greater rate than any other products sold.

(7) Every area within the institution that is accessible to inmates was constantly saturated with secondhand tobacco smoke. Non-smoking inmates such as Plaintiff had to do their best to tolerate the effects of environmental tobacco smoke (ETS) and sometimes make concessions simply to avoid breathing in secondhand tobacco smoke. There was no viable alternative available to Plaintiff through which to completely avoid breathing in secondhand tobacco smoke produced by smokers at the institution. The housing units and every other building that comprise the institution that are accessible to inmates were a virtual haven for those who smoked tobacco products to 'puff' away at their own liesure without any fear of reprisal, concern, or regards for how non-smokers such as Plaintiff were

impacted.

(8) On December 8, 1997, Institution Supplement MCK No. 1640.3, which governs the designation of smoking and non-smoking areas within the institution, was instituted. The Supplement reads in pertinent part:

> FCI McKean, and FPC McKean, have been designated as non-smoking institutions. Staff are prohibited from smoking inside of buildings or entrance-ways of the camp facility or main institution.

Even though the foregoing Institution Supplement specifically restrict smoking within the institution, beginning between January 2003 to January 2005 the staff at FCI McKean nonetheless continued to negligently promote the consumption of tobacco products inside the housing units and at all entrance-ways of every building at the within the institution primarily because of the large amount of profit generated from the sale of tobacco products. Notwithstanding the fact that BOP staff were aware of the harmful and adverse health problems caused by ETS, staff nevertheless continued to negligently refuse to impose control and/or separatation between the smoking inmates and smoking staff from the non-smoking inmates. Moreover, FCI McKean staff have also refused to house non-smoking inmates in a separate housing unit away from smoking staff and inmates, while continuing to promote the sale of tobacco products in the inmate commissary. In fact, on several occasions, Plaintiff was forced to share cell with a smoker who constantly smoked in the cell, even while Plaintiff is there.

(9) Despite the directive outlined in MCK No. 1640.3, the

Warden at FCI McKean refused to instruct his staff not to smoke tobacco products inside the housing units and all other buildings within the institution.  In addition, the Warden also refused to forbid inmates from smoking tobacco products in all areas of the unit.  In January of 2005, all tobacco product was ordered removed from within the institution, giving Plaintiff and other non-smokers some sense of reprieve.
(10) Because of Plaintiff's prolong exposure to environmental tobacco smoke caused by the negligent and wrongful actions of the staff at FCI McKean, he is now likely to develop bronchogenic carcinoma and various forms of cancer, including lung cancer, cancer of the kidneys, bladder, brain, larynx, oral cavity, esophagus, pancreas, stomach, cervix, and other organs; chronic pulmonary disease of all types, including emphysema, chronic bronchitis, and irreversible airway obstruction; cardiovascular disease, including irreversible hardening of the arteries (atherosclerosis) and its consequences, including myocardial infarction; cerebrovascular accident (stroke); peripheral vascular disease; impairment of lung function; and a host of associated ailments, including peptic ulcer; tuberculosis; chronic headaches; excessive watery eyes; ear infections; memory loss; depression; intrauterine growth retardation; infertility; emotional disorder; psychopathic behavior; psychosis; paranoia; shock; mental depression; sleeplessness; shortening of life expectancy; and irreversible health problems.

(11) All of the aforementioned conditions and ailments were conclusively proven to be inextricably associated with prolong exposure to ETS. With this information in mind, Plaintiff is also burdened with fear of contracting subsequent disease and/or other various health complications as a result of his extended exposure to ETS, which includes a loss of enjoyment of life; neurosis and depression; distress and grief from fear of disease; and future pain and suffering from mental and physical injury.

## VI

### RELIEF

(12) Plaintiff demands compensatory damages in the amount of $5, million.

Respectfully submitted

Dated: August 18, 2005

*Anthony Allen* (signature)
Anthony George Allen
Federal Re.#40428-053
FCI - McKean
P.O. Box 8000
Bradford, PA 16701