IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Anthony George Allen,           :
                                :
        Plaintiff,              :
                                :  Civil Action No. 05-31E
    vs.                         :  Honorable Sean J. McLaughlin
                                :  United States District Judge
                                :  Honorable Susan Paradise Baxter
United States of America,       :  United States Magistrate Judge
                                :
        Defendant.              :
_____    :

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT**

**COMES NOW,** Plaintiff, Anthony Allen ("Allen"), and proceeding pro se, respectfully moves this court to reject the defendant's invitation to dismiss his suit against the United States pursuant to Fed.R.Civ.P. 12(b)(1), (6) and 56(c). In support of this request, Allen asserts the following.

I. **Introduction**

On January 21, 2005, Allen brought this suit against the United States under the Federal Tort Claim Act, 28 U.S.C. § 2671 et.seq. ("FTCA"), in which he claimed that during January of 1995 through January of 2005 while confined at the Federal Correction Institution McKean ("FCI McKean"), he has been forced to breath environmental tobacco somke (ETS) to his detriment in violation of the Bureau of Prisons ("BOP") and FCI McKean's regulations and policies.

On July 7, 2005, the defendant submitted before this court a Motion to dismiss Allen's suit or, alternatively, for summary

1

judgment.

In an Order issued by Magistrate Judge Susan Paradise Baxter, Allen was directed to respond to the defendant's Motion and submit an amended complaint.

On August 18, 2005, in compliance with Magistrate Baxter's Order, Allen submitted an amended complaint, along with his response to the defendant's Motion to dismiss and for summary judgment.

On September 2, 2005, the defendant submitted its Motion to dismiss Allen's amended complaint with prejudice pursuant to Fed.R.Civ.P. 12(b)(1), (6) and 56. Allen did not receive a copy of defendant's Motion until September 16, 2005.

In its Motion to dismiss and for summary judgment, the defendant reasserted its previous contention that this court is without subject matter jurisdiction to entertain Allen's lawsuit, as the claimed actions advanced by Allen fall within the discretionary function exception to the Federal Tort Claims Act. The defendant further contends that Allen has not stated a valid claim under the FTCA; therefore, this suit should be summarily dismissed. The defendant's contentions are without merit and therefore should be rejected.

II. **Legal Standard**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment

as a matter of law." Healy v. N.Y. Life Ins. Co., 860 F2d 1209 (3rd Cir.1988). A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. Krouse v. American Sterilizer Co., 126 F3d 494, 500 n.2 (3rd Cir.1997). Also, in the summary judgment context, "inferences to be drawn from the underlying facts must be viewed in the light most favorable to the opposing party." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. vs. Catrett, 477 U.S. 317 (1986). Furthermore, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues'." Schoch v. First Fidelity Bancorporation, 912 F2d 654, 657 (3rd Cir.1990), quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

   A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986). Although the court must resolve any doubt as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspecions." Fireman's Ins. Co. of Newark NJ vs. Dufrense, 676 F2d 965, 969 (3rd Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury

could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-49.

A motion to dismiss tests only "the sufficiency of the complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses[.]" Republican Party of N.C. v. Martin, 980 F2d 943, 952 4th Cir.1992).

Finally, pro se pleadings, "however inartfully pleaded," must be held to "less stringent standard than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 520-21 (1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read the pleading to state a valid claim on which the plaintiff could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or plaintiff's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 363 (1982); United States ex rel. Montgomery v. Bierley, 141 F2d 552, 555 (3rd Cir. 1969). Under the liberal pleadings rules, during the initial stages of litigation a district court should construe all allegations in a complaint in favor of the complaint. Gibbs v. Roman, 116 F3d 83 (3rd Cir. 1997); see also Nami v. Fauver, 82 F3d 63 (3rd Cir.1996)(discussing Fed.R.Civ.P. 12(b)(6) standard).

III. **Argument**

In its motion, the defendant contends that Allen's allegation regarding his exposure to secondhand tobacco smoke at FCI McKean

4

falls within the discretionary function exception to the Federal Tort Claims Act, and as a result, this court lacks subject matter jurisdiction over Allen's claims. Therefore, Allen's suit, according to the defendant, should be dismissed with prejudice.

The defendant further contends that Allen failed to state an actionable claim of negligence under Pennsylvania law and his claims, accordingly, should be dismissed for failure to state a claim. Because defendant's contention is consistent with the contention advanced in its previous motion to dismiss and for summary judgment, Allen reassert the position previously taken in his initial 'Opposition to Defendant's Motion to Dismiss and Motion for Summary Judgment'.

Extensive research and studies conducted by various health organizations regarding the effects of environmental tobacco smoke have shown that human exposure to ETS is far more lethal than the actual direct ingestion of tobacco product. As a result of this finding, serious societal issues concerning nicotine addiction and the pervasiveness underlying social exposure to carcenogenic agents spawned by tobacco smoke compelled the federal government to issue a ban on smoking in all federal buildings.

Also heeding the effects of ETS, the BOP issued its own restrictions on smoking within its institutions and offices in an effort to create a smoke-free environment. see, 28 CFR § 551.160. This restriction was imposed to protect the health and safety of BOP staff and inmates who work and live at the institutions. Consistent with this goal espoused by the BOP, a specific and clearly defined duty has been placed on the Warden to ensure that

non-smoking inmates are not exposed to the hazards of secondhand tobacco smoke. Indeed, the language of 28 CFR § 551.163(b), which governs the Warden's conduct as it relates to smoking tobacco within the institution, is inextricably tied to the purpose and scope outlined in § 551.160. Section 551.163(b) would be a meaningless and ambiguous fiat without referencing the goal set forth in § 551.160. Section 551.163 states:

> At all low, medium, high, and administrative institutions other than medical referral centers, the warden **shall** <u>identify outdoor smoking areas</u> and may, but is not required to, designate a limited number of indoor smoking areas where the needs of effective operations so require, especially for those who may be employed in, or restricted to, a nonsmoking area for an extended period of time.
> 28 CFR § 551.163(b) (emphasis added)

This directive essentially prescribes a course of action for the Warden to follow.

With keeping the objective outlined in § 551.160 in sight, if the Warden decides to allow the smoking of tobacco products in any indoor area of the institution in conjunction with the identified outdoor smoking areas mandated by § 551.163(b), then he is bound to do so in a manner that ensure the health and safety of nonsmoking inmates. There is nothing discretionary about this directive. (see also, Institution Supplement No. MCK. 1640.3)

The discretionary function exception to the FTCA, which has been clarified by the Supreme Court in <u>Berkovitz v. United States</u>, 486 U.S. 531 (1988), is a product of Congress' recognition that "the imposition of liability for damages occasioned by governmental policymaking would necessarily involve a very substantial, if not prohibitive, social cost not only in terms of the imposed

6

liability itself, but also in terms of the constraining effect of that liability on the decisions of governmental policymakers." Sea-Land Services, Ins. vs. United States, 919 F2d 888, 890 (3rd Cir. 1990).

Whether the discretionary function exception applies here involves a two-pronged inquiry. "[A] court must first consider whether the action is a matter of choice for the acting employee." Berkovitz, 486 U.S. at 536. Second, the court must determine whether the element of judgment involved "is of the kind that the discretionary function exception was designed to shiled." Id. Under this second prong, the court must determine whether the challenged discretionary actions or decisions were "based on considerations of public policy." Id., at 537. "The focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis." United States v. Gaubert, 499 U.S. 315, 325 (1991).

In the instant case, the choice extended to the Warden at FCI McKean under CFR § 551.163(b) is whether to "designate a limited number of smoking areas" so that "those who may be employed in, or restricted to, a nonsmoking area for an extended period of time" may have the opportunity to smoke without subjecting nonsmokers to the hazards of environmental tobacco smoke. If the Warden chooses to make this choice, then his actions in that respect are restricted to the purpose and scope set forth in 28 CFR § 551.160 and the level of care outlined in 18 U.S.C. § 4042. Again, it is not within the discretion of the Warden to institute regulations

7

that compel nonsmoking inmates such as Allen to tolerate the harmful effects of secondhand tobacco smoke in the spirit of promoting the enjoyment and sheer satisfaction of smokers here at the institution and their unfettered access to, and consumption of, tobacco products that were sold in the prison commissary.

### A. **Allen Has Stated A Prima Facie Claim of Negligence**

As Allen stated in his initial motion opposing defendant's Motion to dismiss and for summary judgment, that he has been forced to invariably breath secondhand tobacco smoke over an extended period of time in violation of BOP regulation not only constitute negligence on the part of the officials here at FCI McKean, but is also a breach of the duty of care owed to Allen by the United States. see, 18 U.S.C. § 4042.  Moreover, Allen's injury inheres in his prolonged exposure to ETS and the fact that the series of ailments listed in his allegation generally requires an extensive amount of time to fully mutate into a malignant form.  That Allen should wait until he fully develops any of the number ailments described in his general allegation (i.e., cancer, pulmonary disease, emphysema) would defeat the intent set forth in 28 CFR § 551.160 and 18 U.S.C. § 4042, along with the moral authority that inspired the purpose of these policies and statutes. Furthermore, with a two year statue of limitation to consider, he runs the risk of being forever barred from bringing a cause of action against the United States for the above described injuries.

Contrary to the defendant's assertion, the allegations made by Allen meets the four elements necessary to establish a cause of action for negligence under Pennsylvania law.  In light of the

arguments made by Allen both in his initial motion in opposition and this instant motion, the defendant's contention that Allen's "Amended Complaint would appropriately be dismissed under Pennsylvania law[]" (Def.Mem. pg.16) is without merit and must be rejected by this court.

Finally, the defendant appears to be asking the court to ignore the application of the established mandate governing the duty of care owed by the BOP to federal prisoners promulgated in 18 U.S.C § 4042 as it relates to institution staff's conduct in the dissemination of tobacco products within the facility. Allen also ask that the court reject this miscalculation of established federal law.

IV. **Conclusion**

Wherefore, based on the foregoing, Allen respectfully urge this Honorable court to reject the defendant's request to dismiss this action and issue an Order commanding that Allen's claims proceed forward.

Dated: September 24, 2005

Respectfully submitted,

Anthony Allen (pro se)
Federal Reg # 40428-053
FCI - McKean
P.O. Box 8000
Bradford, PA 16701

CERTIFICATE OF SERVICE

I, Anthony George Allen, hereby certify that a true and correct copy of PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT has been mailed via First Class Mail to Ms. Jessica Lieber Smolar, Assistant U.S. Attorney, at 700 Grant Street, Suite 400; Pittsburgh, Pennsylvania 15219, on this 24 day of September, 2005.

*Anthony Allen*
Anthony G. Allen (pro se)
Federal Reg. #40427-053