IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY GEORGE ALLEN              )<br>                    **Plaintiff,**     )<br>         v.                                          )         **C.A. No. 05-31 Erie**<br>                                                      )<br>                                                      )         **District Judge McLaughlin**<br>UNITED STATES OF AMERICA  )         **Magistrate Judge Baxter**<br>                    **Defendant.**    ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.       RECOMMENDATION**

It is respectfully recommended that the motion to dismiss or for summary judgment filed by the United States of America [Document # 21] be granted.

By separate Order filed this day, the previously-filed motion to dismiss and for summary judgment filed by the United States [Document # 10] is dismissed as moot in light of the filing of the amended complaint.

**II.      REPORT**

   **A.      Relevant Procedural History**

On January 26, 2005, Plaintiff, an inmate incarcerated at the Federal Correctional Institution at McKean, filed this action pursuant to the Federal Tort Claims Act against the United States of America.  In his amended complaint, Plaintiff alleges that the government was negligent in that it allowed him to be exposed to environmental tobacco smoke ("ETS") at FCI-McKean from August 1994 through January 2005.  Plaintiff alleges that as a result of the prolonged exposure to ETS, he is at risk of developing a host of diseases[1].  As relief, Plaintiff seeks five million dollars in compensatory damages.

---

   [1] Plaintiff's complaint is based solely on speculative future injuries.

Presently before this Court is a motion to dismiss and or for summary judgment filed by the United States of America. Plaintiff has filed an opposition brief. This matter is ripe for disposition by this Court.

### B. Standards of Review
#### 1. *Pro se* litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

#### 2. Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1)

When a motion to dismiss is made under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction which attacks the as deficient on its face, the Court must take all allegations in the complaints as true. Mortensen v. First Federal Sav. and Loan Ass'n., 549

Presently before this Court is a motion to dismiss and or for summary judgment filed by the United States of America. Plaintiff has filed an opposition brief. This matter is ripe for disposition by this Court.

### B. Standards of Review
#### 1. *Pro se* litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

#### 2. Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1)

When a motion to dismiss is made under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction which attacks the as deficient on its face, the Court must take all allegations in the complaints as true. Mortensen v. First Federal Sav. and Loan Ass'n., 549

F.2d 884, 891 (3d Cir. 1977). However, when the motion attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to plaintiff's allegations and the Court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact. Id. at 891. See also Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000); Poling v. K. Hovnanian Enterprises, 99 F.Supp.2d 502, 515 (D.N.J. 2000).

      3.      **Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

      4.      **Motion for summary judgment pursuant to Fed.R.Civ.P. 56**

The United States has submitted exhibits and a declaration in support of its motion to dismiss. Therefore, this Court will convert the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir.1998). ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment."); Greer v.

Smith, 2003 WL 1090708, *1 (3d Cir. (Pa.) March 10, 2003) ("the District Court considered material outside of the pleadings and, therefore, should have converted the motion for dismissal to a summary judgment motion, allowing the plaintiff an opportunity for appropriate discovery and a reasonable opportunity to present all material made pertinent to the motion.").

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary

judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### C. The Exhaustion Requirement of the Federal Tort Claims Act

The United States moves to dismiss a portion of the claims due to Plaintiff's failure to exhaust administratively in accordance with the Federal Tort Claims Act.

Generally, under the principle of sovereign immunity, the United States cannot be sued for damages unless it consents to being sued. United States v. Mitchell, 445 U.S. 535, 538 (1980). The Federal Tort Claims Act grants jurisdiction to the federal courts to hear suits against the United States government for torts committed by its employees while in the scope of their employment. See 28 U.S.C. § 2675(a). The terms of the government's consent define the court's jurisdiction over the case. Lehman v. Nakshian, 453 U.S. 156, 160 (1981). The FTCA sets forth the government's consent to be sued for the negligent conduct of its employees "in the same manner and to the same extent as a private individual under like circumstances." Howell v. United States, 932 F.2d 915, 917 (11th Cir.1991) (citations omitted). The FTCA allows federal inmates to sue the United States for injuries sustained while incarcerated. 28 U.S.C. § 2674.

As a non-waivable prerequisite to the filing of the lawsuit, the FTCA specifically

requires an initial presentation of the claim to the appropriate federal agency and a final denial by the agency. Id; See also Williams v. United States, 1995 WL 769497 (E.D.Pa. 1995). The purpose of the "exhaustion requirement is [...] to provide notice to the agency so that it can investigate the claim." Barnes v. United States, 137 Fed.Appx. 184, 188 (10th Cir. 2005) citing Estate of Trentadue ex rel. Aguilar v. United States, 397 F.3d 840, 852-53 (10th Cir. 2005).

Plaintiff's administrative tort claim was submitted on February 12, 2004, and complained of Plaintiff's exposure to environmental tobacco smoke from January of 2003 through February of 2004.[2] Document # 19, Exhibit 2a, TRT-NER-2004-01997. By Memorandum issued July 27, 2004, Plaintiff's administrative tort claim was denied by the Northeast Regional Counsel of the Federal Bureau of Prisons. Id. at Exhibit 2b.

Plaintiff's administrative tort claim only mentions January 2003 through February 2004, thereby only providing notice of his complaint regarding the exposure between those specific dates. Therefore, the Bureau of Prisons was not properly notified as to claims arising during any other time period. The only time period which has been presented to the agency through the administrative review process is January 2003 through February 2004. Because Plaintiff has failed to present the entirety of his claim to the agency in accordance with requirements of 28 U.S.C. § 2674, the claims involving the unexhausted time periods cannot proceed. Summary judgment should be granted in favor of the United States in this regard.

### D.     The Discretionary Function Exception to the FTCA

The United States moves to dismiss the remainder of Plaintiff's claim because it is excluded from the FTCA's waiver of sovereign immunity by the discretionary function exception.

While the FTCA generally grants jurisdiction to the tort plaintiff, there are some notable

---

[2] Initially, Plaintiff submitted a tort claim [TRT-NER-2004-01120] in which he alleged negligent exposure to ETS from December of 2002 through December of 2003. Document # 19, Exhibit 2d. However, that administrative filing was rejected due to Plaintiff's procedural errors. Id.

exceptions to the Act that put certain actions by government employees beyond the jurisdiction of the federal courts. One such exception that the government raises here is the discretionary function exception. Complaints that fall within the discretionary function exception must be dismissed for a lack of subject matter jurisdiction. Attallah v. United States, 955 F.2d 776, 783 (1st Cir. 1992).

> The statute provides that the United States is immune from liability for any claim
>> "based upon an act or omission of an employee of the Government exercising due care, in the execution of a statute or regulation ... or based on the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

28 U.S.C. § 2680 (a) (1988). The discretionary function exception to the FTCA "marks the boundary between Congress's willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." United States v. S.A. Empresa Biacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984). The purpose of the exception to liability is to avoid judicial second-guessing of legislative and administrative decisions that are grounded in social, economic, and political policies. United States v. Gaubert, 499 U.S. 315, 323 (1991).

The Supreme Court has provided a two-part inquiry, frequently referred to as the Berkovitz-Gaubert test, to guide the application of the discretionary function exception. Berkovitz v. United States, 486 U.S. 531 (1988); Gaubert, 499 U.S. at 322. First, a district court must determine whether the nature of the conduct involves an "element of judgment or choice." Mitchell v. United States, 225 F.3d 361, 363 (3d Cir. 2000), citing Gaubert, 499 U.S. at 322. "Government conduct does not involve an element of judgment or choice, and thus is not discretionary, if a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow, because the employee has no rightful option but to adhere to the directive." Ochran v. United States, 117 F.3d 495, 499 (11th Cir. 1997), citing Gaubert, 499 U.S. at 322. In other words, when the conduct is specifically mandated by statute or regulation and does not provide any employee discretion, the challenged conduct is not entitled to immunity and thus, subject matter jurisdiction exists. Second, "even if the challenged conduct

involves an element of judgment, the court must determine 'whether the judgment is of the kind that the discretionary function exception was designed to shield.'" Mitchell, 225 F.3d at 363, quoting Gaubert, 499 U.S. at 322-23. The "focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by the statute, but on the nature of the actions taken and on whether they are susceptible to policy analysis." Id.

      The operation of a federal prison involves a wide range of social and economic considerations, with social concerns and considerations that are markedly different from the issues that arise in the operation of any other organization. Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 129 (1977). Although the prison officials of the United States have a statutory duty[3] to protect inmates from harm, generally decisions regarding the best way to safeguard prisoners are discretionary in nature and do not provide subject matter jurisdiction to the federal courts for negligence claims against the United States. See Castillo v. United States, 2006 WL 45554 (3d Cir. January 10, 2006) (integration plan involving two rival gangs which resulted in a melee within discretionary function exception); Cohen v. United States, 151 F.3d 1338, 1340-45 (11th Cir. 1998) (charge of negligence for improperly classifying assailant inmate at the lowest security level within discretionary function exception); Dykstra v. United States Bureau of Prisons, 140 F.3d 791, 795-97 (8th Cir. 1998) (charges of negligence for failing to warn inmate that his youthful appearance made him vulnerable to sexual attack and failure to act on plaintiff's complaint that other inmate was staring at him in a sexual manner within the discretionary function exception); Calderon v. United States, 123 F.3d 947, 948-51 (7th Cir. 1997) (charge of negligence for ignoring repeated information about threats against plaintiff by another inmate prior to attack within discretionary function exception); and Buchanan v. United States, 915 F.2d 969 (5th Cir. 1990) (discretionary function exception applied to prisoners'

---

[3] Title 18 U.S.C. § 4042(a)(2), (3) provides:

> The Bureau of Prisons ... shall ... provide ... for the safekeeping, care and subsistence of all persons charged with or convicted of offenses against the United States ... [and] provide for the protection ... of all persons charged with or convicted of offenses against the United States.

8

FTCA claim for damages sustained while prisoners were held hostage by Cuban detainees during a prison uprising).

With respect to the use of tobacco products, Bureau of Prisons staff are directed by regulation which provides that "all areas of Bureau of Prisons facilities [...] are no smoking areas unless specifically designated as a smoking area by the Warden as set forth in § 551.163." 28 C.F.R. § 551.162. Section 551.163 provides that the Warden make determinations regarding the use of tobacco products:

> ... **the Warden shall identify outdoor smoking areas and may, but is not required to, designate** a limited number of indoor smoking areas where the needs of effective operation so require, especially for those who may be employed in, or restricted to, a nonsmoking area for an extended period of time.
>
> * * *
>
> **To the maximum extent practicable**, nonsmoking inmates shall be housed in nonsmoking living quarters.

28 C.F.R. § 551.163(b) and (c) (emphasis added). See also Document # 19-9, Exhibit 3, Declaration of former Warden John J. LaManna. The regulation gives explicit discretion to the Warden to make these decisions, thereby satisfying the first prong of the Berkovitz-Gaubert inquiry.

Next, this Court must determine whether the employee's judgment is the kind Congress intended to shield from liability (in other words, whether the decision is grounded in social, economic, or political policy). Gaubert, 499 U.S. at 322-23. If a regulation gives an employee discretion, "the very existence of the regulation creates a strong presumption that a discretionary act authorized by the regulation" is inextricably intertwined with the policy considerations which lead to the creation of the regulation. Id. at 324. In this case, the stated purpose of the regulation is "to advance towards becoming a clean air environment and to protect the health and safety of staff and inmates." 28 C.F.R. § 551.160. Given the presumption toward policy considerations leading to the creation of the regulation and the stated purpose within the regulation, this Court finds that the second prong of Berkovitz-Gaubert is satisfied.

This Court lacks subject matter jurisdiction over Plaintiff's claim as the discretionary

function exception to the Federal Tort Claims Act applies in this case.

In light of the regulations, the Warden at FCI-McKean issued an Institutional Supplement on June 21, 2002, in which the facility was recognized generally as a nonsmoking institution. According to the Institutional Supplement, staff and inmates were prohibited from smoking in "common areas, other multi-purpose areas, and entrance ways of the housing units." The Supplement allowed smoking inside individual cells so long as no nonsmokers were housed in the cell. Id. Plaintiff argues that despite the directives of the regulations and the Institutional Supplement, inmates and staff continued to smoke.[4]  However, Plaintiff's arguments in this regard are irrelevant to the legal analysis. Once a particular function is found to be discretionary, a negligence claim fails, even if the Bureau of Prisons abused its discretion or was negligent in the performance of its discretionary functions. Smith v. Johns-Manville Corp., 795 F.2d 301, 308 n.10 (3d Cir. 1986); General Public Utilities Corp. v. U.S., 745 F.2d 239, 245 (3d Cir. 1984) ("That in hindsight the Commission's judgment may have been ill-advised in no way changes the character of the function under scrutiny."); Bailor v. Salvation Army, 51 F.3d 678, 685 (7th Cir. 1995).

Accordingly, summary judgment should be awarded to the United States as this Court lacks subject matter jurisdiction over this claim.

---

[4]  "The staff at FCI McKean nonetheless continued to negligently promote the consumption of tobacco products inside the housing units and at all entrance-ways of every building within the institution primarily because of the large amount of profit generated from the sale of tobacco products. Notwithstanding the fact that Bureau of Prisons staff were aware of the harmful and adverse health problems caused by ETS, staff nevertheless continued to negligently refuse to impose control and/or separation between the smoking inmates and smoking staff from the non-smoking inmates, moreover, FCI McKean staff have also refuse to house non-smoking inmates in a separate housing unit away from the smoking staff and inmates, while continuing to promotes the sale of tobacco products in the inmate commissary."

Document # 17, page 3.

### III.     CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the motion to dismiss or for summary judgment filed by the United States of America [Document # 21] be granted.

By separate Order filed this day, the previously-filed motion to dismiss and for summary judgment filed by the United States [Document # 10] is dismissed as moot in light of the filing of the amended complaint.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.


                                                                S/ Susan Paradise Baxter
                                                                SUSAN PARADISE BAXTER
                                                                Chief United States Magistrate Judge

_____
Dated: January 20, 2006