February 9, 2006

Anthony Allen
Register No.40428-053
FCI McKean
P.O. Box 8000
Bradford, PA 16701

FILED

'06 FEB 13 A10:47

CLERK
U.S. DISTRICT COURT

United States District Court
Western District of Pennsylvania
Office of the Clerk
227 U.S. Courthouse
P.O. Box 1820
Erie, PA 16507

        **Re:** Allen vs. United States
             Case 1:05-cv-00031-SJM-SPB

Dear Clerk,

    Yesterday, February 8, 2006, I received Honorable district court judge McLaughlin's Memorandum Order dated February 7, 2006 adopting Magistrate judge Baxter's Report and Recommendation (R&R) to dismiss my complaint styled as the above reference matter. According to judge McLaughlin's Order, Magistrate judge Baxter's R&R was filed January 20, 2006 and, accordingly, was delivered to me via certified mail. I am hereby informing the court that I have not received Magistrate judge Baxter's R&R and had no knowledge that it had been filed until yesterday after receiving judge McLaughlin's Order.

    Because I am a pro se litigant, I am not sure whether I must submit some form of motion petitioning the court to stay its Order of February 7, 2006, thereby providing me with an opportunity to respond to the Magistrate's R&R. However, as a matter of fundamental fairness I should not be held accountable for not meeting an obligation imposed by the court when I had no knowledge that such an obligation exist.

    Furthermore, that I did not receive judge Baxter's R&R is not an unusual event here at FCI McKean. It has become an almost invariable experience for inmates here at the institution, particularly those who have pending civil complaints before the court that involves the federal government and/or BOP staff, to not receive critical legal correspondence sent to us by the court and to then have the institution's mail-room staff claim that they do not know what happened to the mail. When we are not given our legal mail, it is impossible for us to know until its usually too late, i.e., when we have failed to comply with a procedural requirement set forth by the court.

    According to institution policy, legal mail properly marked as such (i.e., the address and name of the court sending the mail, or in the case of an

attorney, the attorney's name, an indication that he/she is an attorney, and a mark that the mail is to be open only in the presence of the inmate) are delivered to the inmate by any member of the inmate's unit team, at which point the inmate has to sign a log depicting the date the mail was delivered to him. Because Magistrate judge Baxter's R&R was sent to me via certified mail, as was noted by judge McLaughlin in his Order of February 7, 2006, it would have been delivered to me by a member of my unit team and I would have had to signed for it just as how I have done when judge McLaughlin's Order was delivered to me. I assure you that there is not any record of me signing for judge Baxter's R&R.

    That said, please consider this letter as a formal notice and my complaint to the court that my legal correspondence with the court is being surreptitiously hampered. Because I have not received Magistrate judge Baxter's R&R, I have been deprived of my right to submit an objection which, as you are already aware, undermines my ability to pursue an appeal. Therefore, I respectfully ask that the court's Order of February 7, 2006 be stayed pending my receipt of judge Baxter's R&R, thereby allowing me an opportunity to file a response.

    I thank you for your time and consideration in this matter.


Sincerely,

*Anthony Allen*
Anthony Allen


cc.