IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY GEORGE ALLEN,         )
                              )
         Plaintiff,           )
                              )
    vs.                       )   CIVIL ACTION No. 05-31e
                              )
                              )   Judge Sean J. McLaughlin
                              )   Magistrate Judge Baxter
UNITED STATES OF AMERICA,     )
                              )
         Defendant.           )
                              )

**PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Plaintiff Anthony Allen ("Allen"), proceeding pro se, and respectfully urge this Honorable Court to reject the Magistrate's recommendation that his suit against the United States be dismissed for lack of subject matter jurisdiction. In support of this request, Allen respectfully assert the following:

I. Introduction

On January 20, 2006, Magistrate judge Susan Paradise Baxter issued a Report and Recommendation in this civil matter that the United States motion to dismiss or for summary judgment dated September 2, 2005 be granted.

On February 13, 2006, Allen was ordered by this Court to file an objection to the Magistrate judge's recommendation.

II. Objection

A. Allen's administrative tort claim submitted on February 12, 2004 to the Northeast Regional office focused on the wrongful and

1

negligent conduct of Bureau of Prisons (BOP) staff which caused him to be exposed to environmental tobacco smoke (ETS) between January of 2003 through January of 2004 in violation of 28 U.S.C. § 2675(a). Through the administrative tort process, the BOP was properly notified of the claims alledged by Allen arising during this time period. Accordingly, the Magistrate's findings that Allen has failed to present his claim to the agency is inconsistent with the facts established by Allen in his pleadings.

B. As Allen has argued in his responsive pleading, the mere fact that the warden made the decision to allow the distribution and consumption of tobacco product within the institution in accordance with the provisions of 28 C.F.R. § 551.163(b), the warden concomitantly does not enjoy the discretion to determine what level of protection is afforded to non-smoking inmates against the effects of ETS. Therefore, the discretionary function exception to the Federal Tort Claim Act (FTCA) does not apply here.

There is nothing within the provision of 28 C.F.R. § 551.160 to suggest that the warden has the discretion to decide how non-smokers are to be protected against the harmful effects of ETS. See 28 C.F.R. § 551.160. Specifically, § 551.163(b) outlines a course of action for the warden to follow **if** he elects to allow tobacco product within the institution, and should he choose to do so, then he has no option but to adhere to the directive of § 551.163(b) and its reliance on the scope and purpose set forth in § 551.160. See, United States v. Gaubert, 499 U.S. 315 (1991). Because the warden's conduct is specifically mandated by the objective set

2

forth in § 551.160, the wrongful and negligent action complained of by Allen is not subjected to immunity. As a result, subject matter jurisdiction exist in this case. In addition, the conduct complained of by Allen does not "involve an element of judgment ... that is of the kind that the discretionary function exception was designed to shield," Gaubert, 499 U.S. at 322-23, because of the social issues that are implicated.

    The only component that is dicretionary here is the choice given to the warden under § 551.163(b) to elect whether tobacco product will be allowed within the institution. The Magistrate's report ignores the fact that § 551.163(b) is inextricably tied to the purpose and scope delineated in § 551.160. When contemplating the goal set forth in § 551.160 in conjunction with § 551.163(b), these codes essentially prescribe a course of action for the warden to follow. Again, the intent and purpose of these codes does not impart the discretion on the warden to choose how to ensure the health and safety of non-smoking inmates confronted with environmental tobacco smoke because the objectives envisioned by § 551.160, and by extension § 551.163(b), in aiming to best protect non-smoking federal inmates within an institution where a warden has elected to allow the consumption of tobacco product have already mapped the specific course of action that the warden must adhere to. Title 18 U.S.C. § 4042(a)(2) establishes a statutory duty on prison officials of the United States to protect inmates from harm, and § 551.10 and § 551.163(b) have established a specific protocol for prison officials to adhere to in meeting this statutory duty. If this were not so, then the language of

3

§ 551.160 and its connection to § 551.163(b) would essentially be dictum. The Magistrate's report ignores this fact and the fact that Allen has established that his "injury inheres in his prolong exposure to ETS and that the series of ailments listed in [his] complaint generally requires an extensive amount of time [in which] to fully mutate into a malignant form."

In this sense, the Magistrate's findings that Allen's complaint falls within the discretionary function exception conflicts with the Supreme Court's holding announced in United States v. Gaubert. The conduct complained of by Allen is precisely the kind of conduct that raises serious societal concerns about nicotine addiction, and the kind of conduct that led to the creation of §§ 551.160 and 551.163(b). Lastly, the conduct Allen complained of is not the kind Congress intended to shield from liability because of the fundamental importance attached to preventing an exposure to carcenogenic agents spawned by tobacco smoke and the likelihood that an individual invariably exposed to these agents will be adversely affected. Gaubert, 499 U.S. at 322-23.

III. Conclusion

Based on the foregoing, Allen respectfully urge this Honorable Court to reject the Magistrate judge's recommendation that his suit be dismissed and order that this suit proceed forward.

Dated: February 21, 2006

Respectfully submitted,

*Anthony Allen*
Anthony Allen (pro se)
Register No. 40428-053
P.O. Box 8000
Bradford, PA 16701

4

## CERTIFICATE OF SERVICE

I, Anthony Allen, hereby certify that a true and correct copy of PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION was sent to Jessica Lieber Smolar, Assistant U.S. Attorney, at 700 Grant Street, Suite 400; Pittsburgh, Pennsylvania 15219, on this 21 day of February, 2006.

_Anthony Allen_ (pro se)