## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY GEORGE ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 05-31 Erie |
| ) | District Judge McLaughlin |
| UNITED STATES OF AMERICA, ) | Magistrate Judge Baxter |
| ) | |
| Defendant. ) | |

### MEMORANDUM ORDER

McLAUGHLIN, SEAN J.

On January 26, 2005, Plaintiff, an inmate incarcerated at the Federal Correctional Institution at McKean, filed this action pursuant to the Federal Tort Claims Act ("FTCA") against the United States of America. In his amended complaint, Plaintiff alleges that the government was negligent in that it allowed him to be exposed to environmental tobacco smoke ("ETC") at FCI-McKean from August, 1994 through January, 2005. Plaintiff alleges that, as a result of the prolonged exposure to ETS, he is at risk of developing a host of diseases. As relief, Plaintiff seeks five million dollars in compensatory damage.

Plaintiff's complaint was referred to United States Magistrate Judge Susan Paradise Baxter for a report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates. On September 7, 2005, Plaintiff filed a motion to Dismiss for Lack of Jurisdiction or, in the alternative, for Summary Judgment (Dkt. #21). On September 28, 2005, Plaintiff filed a brief in opposition (Dkt. #23). On January 20, 2006, the Magistrate Judge filed a report recommending that the Motion to Dismiss be granted. Plaintiff filed objections on February 23, 2006 (Dkt. #29).

In her report, the Magistrate Judge first recommended that all of Plaintiff's claims arising from a time period other than January, 2003, through February, 2004, be dismissed because Plaintiff failed to exhaust those claims by presenting them for administrative review, as required by the FTCA. (Report and Recommendation, pp. 5-6). Because we find this conclusion to be well-

supported, we adopt this portion of the report and recommendation and grant Defendant's motion for summary judgment as to those claims.

As to those claims that Plaintiff properly presented to the agency for administrative review, the Magistrate Judge concluded that those claims were excluded from the FTCA's waiver of sovereign immunity by the discretionary function exception. While the FTCA generally grants jurisdiction to a tort plaintiff, actions by governmental employees that fall within the discretionary function exception must be dismissed for a lack of subject matter jurisdiction. Attallah v. United States, 955 F.2d 776, 783 (1st Cir. 1992). The Supreme Court has provided a two-part inquiry, frequently referred to as the Berkovitz-Gaubert test, to guide the application of the discretionary function exception. Berkovitz v. United States, 486 U.S. 531 (1988); United States v. Gaubert, 499 U.S. 315, 322 (1991). First, a district court must determine whether the nature of the conduct involves an "element of judgment or choice." Mitchell v. United States, 225 F.3d 361, 363 (3rd Cir. 2000) (citing Gaubert, 499 U.S. at 322). Second, even if the challenged conduct involves an element of judgment, the court must determine "'whether the judgment is of the kind that the discretionary function exception was designed to shield.'" Mitchell, 225 F.3d at 363 (quoting Gaubert, 499 U.S. at 322-23).

The Magistrate Judge concluded that this exception applied to Plaintiff's claims:

> With respect to the use of tobacco products, Bureau of Prisons staff are directed by regulation which provides that "all areas of Bureau of Prisons facilities [...] are no smoking areas unless specifically designated as a smoking area by the Warden as set forth in § 551.163." 28 C.F.R. § 551.162. Section 551.163 provides that the Warden make determinations regarding the use of tobacco products:
>> ... the Warden shall identify outdoor smoking areas and may, but is not required to, designate a limited number of indoor smoking areas where the needs of effective operation so require, especially for those who may be employed in, or restricted to, a nonsmoking area for an extended period of time.
>> * * *
>> To the maximum extent practicable, nonsmoking inmates shall be housed in nonsmoking living quarters.
>
> 28 C.F.R. § 551.163(b) and (c). The regulation gives explicit discretion to the Warden to make these decisions, thereby satisfying the first prong of the Berkovitz-Gaubert inquiry.

> Next, this Court must determine whether the employee's judgment is the kind Congress intended to shield from liability (in other words, whether the decision is grounded in social, economic, or political policy). Gaubert, 499 U.S. at 322-23. If a regulation gives an employee discretion, "the very existence of the regulation creates a strong presumption that a discretionary act authorized by the regulation" is inextricably intertwined with the policy considerations which lead to the creation of the regulation. Id. at 324. In this case, the stated purpose of the regulation is "to advance towards becoming a clean air environment and to protect the health and safety of staff and inmates." 28 C.F.R. § 551.160. Given the presumption toward policy considerations leading to the creation of the regulation and the stated purpose within the regulation, this Court finds that the second prong of Berkovitz-Gaubert is satisfied.

(Report and Recommendation, p. 9). We disagree.

While § 551.163 is discretionary in allowing a prison warden to create indoor smoking areas, there is nothing discretionary about § 551.162, which provides that *"[a]ll areas of Bureau of Prisons facilities and vehicles are no smoking areas* unless specifically designated as a smoking area by the Warden as set forth in § 551.163." 28 C.F.R. § 551.162 (emphasis added). In other words, a prison warden may exercise discretion in determining whether or not to create indoor smoking areas, but if he does so, he has no discretion to allow smoking to occur in areas that are not designated for indoor smoking. Here, Plaintiff has alleged that, despite internal regulations imposed at FCI-McKean to designate particular areas for smoking and to limit non-smokers from exposure to cigarette smoke outside of those areas, the prison staff routinely smoked within the prison, allowed inmates to smoke in un-designated areas, and forced non-smokers to share cells with smokers. Because the prison staff did not have discretion to allow smoking in un-designated areas, we cannot apply the discretionary function exception to their actions.

Nonetheless, although we reject the Magistrate Judge's analysis as to the application of the discretionary function exception, we find that Plaintiff's claims are subject to dismissal on alternate grounds. The government's summary judgment motion correctly notes that no cause of action arises in a personal injury action under Pennsylvania law until there has been an actual injury. See, e.g., Openbrier v. General Mills, 340 Pa. 167, 169 (1940); Emert v. Larami Corp., 414 Pa. 396 (1964). Indeed, "[a] basic tenet of tort law is that the plaintiff cannot recover without proof of actual injury

or damage." Peterman v. Techalloy Company, Inc., 1982 WL 124 (Pa. Com. Pl. 1982) (citing Troutman v. Tabb, 285 Pa. Super. 353, 359 (1981) ("We are also guided by the rule that in a negligence action proof of damage is an essential element. Nominal damages cannot be recovered where no actual loss has occurred.")). "When a plaintiff fails to establish damage in a tort action, the defendant is entitled to a verdict although guilty of negligence." Sisk v. Duffy, 201 Pa.. Super. 213, 216 (1963); Troutman, 285 Pa. Super. at 359. Thus, a tort action cannot be sustained on the basis of speculative future injuries. See Peterman, 1982 WL at **3.

In Peterman, for example, plaintiffs filed suit after ingesting water allegedly contaminated with trichloroethylene that had leaked from the defendant's storage tanks into local well water. No plaintiff alleged that any injury or expense had resulted from the leakage; rather, the entire suit was based on the possibility of "increased risk of serious illness" in the future. Id. Concluding that the plaintiffs had "totally failed to allege any actual injury or damage, an essential element of any tort claim," the court dismissed the complaint. Id.

Plaintiff's complaint suffers from the same deficiency. Specifically, he contends that "he is now likely to develop" a host of ailments (Complaint ¶10) which he describes as "future permanent injuries." (Complaint ¶1). Given the speculative nature of Plaintiff's injury claims, the complaint must be dismissed.

Thus, after de novo review of the pleadings and documents in the case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 3rd Day of March, 2006;

IT IS HEREBY ORDERED that the report and recommendation of Magistrate Judge Baxter, dated January 20, 2006, is ADOPTED IN PART and REJECTED IN PART. However, for the alternate reasons stated herein, Defendant's Motion to Dismiss for lack of jurisdiction or, in the alternative, for Summary Judgment (Doc. #21) is GRANTED.  This action is DISMISSED.

/s/ Sean J. McLaughlin
SEAN J. McLAUGHLIN
United States District Judge

cc: Susan Paradise Baxter
U.S. Magistrate Judge

all parties of record \_\_\_\_\_

Case 1:05-cv-00031-SJM-SPB     Document 30     Filed 03/03/2006     Page 5 of 5